UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL PATRICK NEWELL and CINDY LOU NEWELL, individually and as a marital community,<br><br>                    Plaintiffs,<br><br>          v.<br><br>HOME DEPOT U.S.A. INC., a foreign corporation,<br><br>                    Defendant. | CASE NO. CV-13-5021-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

While inspecting his employer's paint products at the Richland Home Depot, Plaintiff Michael Newell injured his shoulder when a bucket of paint fell on him. Defendant Home Depot asks the Court to enter summary judgment in its favor on the Newells' premises-liability negligence lawsuit. ECF No. 21. The Newells oppose the motion. After reviewing the record and relevant legal authority, the Court is fully informed and denies Home Depot's summary-judgment motion.

///
///
///
///
//
/

ORDER - 1

**A.    Factual Statement[1]**

Mr. Newell worked as a paint vendor for a company that sold products at the Home Depot in Richland, amongst other stores.  As a paint vendor, Mr. Newell ensured that his employer's products were appropriately displayed at the Home Depot by pulling paint containers to the front of the paint bays, facing the paint containers to the aisle, and checking prices.  To accomplish these tasks, Mr. Newell crawled into paint bays on a daily basis.

Mr. Newell did not restock the paint product; rather Home Depot employees restocked products on the shelves almost daily.  Mr. Newell also did not have a supervisor at the Home Depot and rarely called upon Home Depot employees for assistance.  Yet, Mr. Newell did speak with the store manager, Sal, nearly every time he went to the store.

If paint[2] spilled, it was the responsibility of the Home Depot paint department associates to clean the paint bays.  And the Home

---

[1]  The parties submitted a Joint Statement of Uncontroverted Facts.  ECF No. 34.  The Court treats these facts as established consistent with Federal Rule of Civil Procedure 56(d), and sets these forth in this Factual Statement without citation to the record.  Any disputed facts or quotations are supported by a citation to the record.  When considering this motion and creating this factual section, the Court 1) believed the undisputed facts and the non-moving party's evidence, 2) drew all justifiable inferences therefrom in the non-moving party's favor, 3) did not weigh the evidence or assess credibility, and 4) did not accept assertions made by the non-moving party that were flatly contradicted by the record.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

ORDER – 2

Depot had a spill procedure for handling hazardous materials like paint. Other store policies and procedures required daily inspections of the store departments before each department opened.

On February 1, 2014, Mr. Newell arrived at the Home Depot and began his usual task of organizing his employer's products in the paint department. Mr. Newell climbed into a paint bay and moved paint buckets so that the labels faced forward. He observed paint buckets near the back of the bay with the labels facing the other direction. Crouched near the back of the paint bay amongst five-gallon buckets, he grabbed the edge of a lid to a five-gallon bucket so that he could turn the bucket to see the label. Newell Dep., ECF No. 22, Ex. 2 at 42. Unbeknownst to Mr. Newell, there was dried paint underneath the five-gallon bucket which caused it to be stuck to the cement floor. *Id.* When Mr. Newell grabbed the side of the bucket's lid, the bucket broke loose from the dried paint; the force of the bucket coming loose from the dried paint, caused the five-gallon bucket on top of that loosened bucket to fall down on Mr. Newell's shoulder, injuring him. *Id.* at 42-43. In pain and now laying in a fetal position on the cement floor, Mr. Newell called for Home Depot employee Whitney Hanson to assist him. *Id.* at 43. In a few minutes, Ms. Hanson came to his assistance and moved buckets out of the way so that Mr. Newell could crawl out of the bay. *Id.* at 43.

---

[2] The Court uses the generic term "paint" to refer to both paint and stain products.

Ms. Hanson observed that there was dried paint under the entire diameter of the five-gallon bucket that Mr. Newell had attempted to move: there was no paint elsewhere on the ground.   It did not look like anyone had tried to previously clean the paint on the concrete floor under the bucket.   Ms. Hanson then tried to scrape the dried paint.

Dried spills are not something the Home Depot paint department normally has to address.   However, Mr. Newell testified at his deposition that he has seen, and was aware, that before February 1, 2010, there was dried paint "all over the place in the paint bay." Yet, he had never encountered a bucket of product stuck to the floor as a result of dried paint.   ECF No. 22, Ex. 2 at 32:9-11.

After the incident, Mr. Newell spoke to Sal, the store manager, about the incident and his injury, however, Mr. Newell got the impression that Sal was busy and not interested in hearing about what happened.   ECF No. 34, Ex. 2 at 48:24-25; 49:1-6; 62:7-10.

**A.   Standard**

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   The party opposing summary judgment must point to specific facts establishing a genuine dispute of material fact for trial.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).   If the non-moving party fails to make such a showing for any of the elements essential to its case for

1  which it bears the burden of proof, the trial court should grant the

2  summary-judgment motion. *Celotex Corp.*, 477 U.S. at 322.

3  **B.    Analysis**

4      To prevail on the common-law, premises-liability negligence

5  action, the Newells must establish that Home Depot owed a duty to Mr.

6  Newell, Home Depot breached that duty, and Mr. Newell suffered

7  injuries which were proximately caused by the breach of the duty. *See*

8  *Hertog, ex rel. S.A.H. v. City of Seattle*, 138 Wn.2d 265, 275 (1999).

9  Under the common law, the duty owed by a landowner to an entrant

10 depends on whether the entrant was a trespasser, licensee, or invitee.

11 *Afoa v. Port of Seattle*, 176 Wn.2d 460, 467 (2013). The parties agree

12 that, as an employee of a business selling product at Home Depot, Mr.

13 Newell was an invitee to Home Depot's premises. The issue before the

14 Court now at summary judgment is what duty, if any, Home Depot owed to

15 Mr. Newell as an invitee under these business circumstances, and

16 whether there is a genuine dispute of material fact as to whether that

17 duty was breached by Home Depot. The initial determination of what

18 duty Home Depot owed to Mr. Newell as an invitee is a question of law;

19 while, the question of whether that duty was breached is a factual

20 question, typically resolved by the finder of fact. *See Hutchins v.*

21 *1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 220 (1991).

22     Home Depot first argues that it does not owe Mr. Newell any

23 invitee duties because Mr. Newell was injured on the Home Depot

24 premises in his capacity as an employee for a company selling its

25 products at Home Depot, relying on the liability-insulation rule

26 applied in *Kessler v. Swedish Hospital Medical Center*, 58 Wn. App. 674

(1990), and *Tauscher v. Puget Sound Power and Light Co.*, 96 Wn.2d 274 (1981).    The Court finds the liability insulation applied in those cases inapplicable here.    In both *Kessler* and *Tauscher* the plaintiff was injured while performing work that was inherently dangerous: cleaning the exterior windows on the ninth story of a building (*Kessler*) and climbing a telephone pole to connect wires near high voltage lines (*Tauscher*).    Under these inherently dangerous work settings, the courts ruled that a business landowner is not liable to the employee of an independent contractor for his injuries resulting from the dangerous work on the land.    *Kessler*, 58 Wn. App. at 678-79. This liability insulation for the business landowner is consistent with the rule that the business landowner is also not liable for its own employee's personal injuries during employment as such injuries are covered under workers' compensation laws.    *Id.*    Because Mr. Newell's work of checking on the condition of his employer's stock at the Richland Home Depot was not inherently dangerous work, Home Depot is not insulated from liability to Mr. Newell under the *Kessler* and *Tauscher* line of inherently-dangerous-work cases.    Rather, under the circumstances, Home Depot owed Mr. Newell the typical duty owed to invitees: the "duty to avoid endangering him by [Home Depot's] own negligence." *Lamborn v. Phillips Pac. Chem. Co.*, 89 Wn.2d 701, 707-08 (1978).

Finding that Home Depot is not insulated from potential liability for Mr. Newell's injuries that he suffered when he was an invitee at the Richland Home Depot, the Court proceeds to analyze whether summary judgment in Home Depot's favor is appropriate on this

premises-liability negligence claim.  Washington courts turn to the Restatement (Second) of Torts §§ 343 and 343A to set the duty owed by a possessor of land to an invitee.[3]  *Kamla v. Space Needle Corp.*, 147 Wn.2d 114, 125 (2002).  Section 343 states:

> [a] possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, [the possessor]
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

Restatement (2d) Torts § 343.   Section 343A continues: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."  *Id.* § 343A(1).

Accordingly, the Court first focuses on whether there was a condition on the premises that involved an unreasonable risk of harm to the invitee.  Home Depot argues that dried paint does not pose an unreasonable risk of harm, highlighting that Mr. Newell testified at his deposition that dried paint is not dangerous.

----

[3]  The Court applies Washington substantive law because this lawsuit is based on diversity jurisdiction and the incident at issue occurred in Washington. *See Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 47 (9th Cir. 1972).

ORDER – 7

At Mr. Newell's deposition he answered the following questions regarding dried paint:

> Q. So if you had occasion to see dried paint in the bay, what would you do?
> A. Report it to the store.
> Q. Why?
> A. Because it's their responsibility to clean it up.
> Q. Is that a danger to have dried paint there?
> A. Maybe. I don't know. I can't think of how dangerous it would be, but yeah. Yeah.
> Q. Or is it just an aesthetic concern?
> A. It's more – yes, I would agree with that.

ECF No. 22, 33:23-25 – 34:1-7. Home Depot submits that Mr. Newell's deposition answers, and the fact that he did not disclose the dried paint promptly to a Home Depot manager, support a finding as a matter of law that dried paint does not present an unreasonable risk of harm to an invitee. The Court does not so find. This line of questioning did not require Mr. Newell to opine regarding the specific risk at issue here: whether paint that is permitted to dry under buckets of paint at the Home Depot presents an unreasonable risk of harm to an invitee. As to this issue, the Court finds a genuine dispute of material fact: a reasonable juror could determine that dried paint presents an unreasonable risk of harm (a danger) when it is permitted to dry and affixes a paint container to another object, such as the floor. In analyzing this issue, the jury can consider the totality of the circumstances including Mr. Newell's relaying of the condition and injury to Ms. Hanson and Sal.

The jury should also consider whether Home Depot would have discovered the danger if it exercised reasonable care, whether Home Depot should expect that an invitee will not discover or realize the

ORDER – 8

danger or fail to protect themselves against it, and whether Home Depot exercised reasonable care to protect invitees against the danger. *See Iwai v. State*, 129 Wn.2d 84, 93–94 (1996) (setting forth elements for a premises-liability negligence action brought by an invitee). These are questions of fact for which there is insufficient evidence for the Court to make a finding as a matter of law in Home Depot's favor.[4] *See Ciminski v. Finn Corp.*, 13 Wn. App. 815, 818–19 (1975) (recognizing that a property owner must exercise reasonable care in protecting invitees from injury and that "[w]hat is reasonable depends upon the nature and the circumstances surrounding the business conducted").

Relying on *Ciminski*, the Newells suggest they need not prove the "notice" element, *i.e.*, that Home Depot would have discovered the condition if it exercised reasonable care, because the "self-service operation" exception applies given that Home Depot's paint department is a self-service paint center. *Cf. Ingersoll v. DeBartolo*, 123 Wn.2d 649, 562 (1994) (recognizing that notice of the unsafe condition by

---

[4] Home Depot asks the Court not to consider the expert report prepared by Joellen Gill, the Newells' expert witness, ECF No. 24, Ex. 3. Because an expert witness may express an opinion based on hearsay, so long as it is the type of information that an expert in the particular field would reasonably rely on, the Court has considered Ms. Gill's expert report and her opinions contained therein. Fed. R. Evid. 703.

ORDER - 9

the possessor is typically a required element for the invitee to prove).   In *Ciminski*, the Washington Court of Appeals ruled the injured plaintiff need not prove that the self-service restaurant knew the food item that the plaintiff slipped on was dropped on the floor because the owner of a self-service operation has actual notice that customers may drop food at any time: thereby, creating a "self-service exception" to the notice element.   The Washington court's rationale for the self-service exception to the notice element was that a self-service operation accepts the risk that food items can be dangerously located on the floor by customers and therefore the self-service operation effectively has constructive notice of the dangerous condition presented by food items on the floor.   *Id.* at 819.   In pertinent part, the Washington Court of Appeals stated, "[W]hen plaintiff has shown that the circumstances were such as to create the reasonable probability that the dangerous condition would occur, he need not also prove actual or constructive notice of the specific condition."   *Id.* at 822 (quoting *Bozza v. Vonado, Inc.*, 42 N.J. 355, 360 (1964)).

Under the circumstances of this case, the Court declines to apply the self-service exception to the notice requirement.   Home Depot's self-service operation entails customers removing paint product near the aisle or the front of the bay.   Neither party presented evidence that it is typical for a Home Depot customer to climb into a bay, bypassing the product closer to the aisle to remove the same product near the back of the bay.   Accordingly, under the facts before the Court, it would not be typical for a Home Depot

customer to climb into the bay, bypass the product, and attempt to move a bucket of that same product that was stacked below another product.  For these reasons, the Court declines to remove the notice requirement.  *See Pimental v. Roundup Co.*, 100 Wn.2d 39, 50 (1983) ("[T]he requirement of showing notice will be eliminated only if the particular self-service operation of the defendant is shown to be such that the existence of unsafe conditions is reasonably foreseeable.").  The Newells must prove the notice element, *i.e.*, that Home Depot would have discovered the claimed dangerous condition if it exercised reasonable care.

Yet, the Court finds as a matter of law that dried paint hidden under a paint container is not an open and obvious danger for a Home Depot invitee, including Mr. Newell, who was familiar with paint products and the Richland Home Depot's storage and care for paint products.  Dried paint under a paint container is not similar to a seven-foot-tall store sign, *Suriano v. Sears, Roebuck & Co.*, 117 Wn. App. 819, 829 (2003), or an open elevator shaft, *Kamla*, 147 Wn.2d at 126.  As the condition presented by the dried paint under the paint container was not open and obvious, the standard set forth in Restatement § 343(A)(1) does not apply to assessing Home Depot's liability; rather, the jury's analysis will be guided by the elements set forth in Restatement § 343.[5]

---

[5]  In light of the language in *Suriano v. Sears, Roebuck & Co.*, 117 Wn. App. 819, 831 (2003), that "it is ordinarily the better practice to give both Section 343 and Section 343A(1) instructions," the Court allows the

**C.    Conclusion**

        For the above given reasons, **IT IS HEREBY ORDERED**:   Defendant Home Depot's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

        **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order and provide copies to all counsel.

        **DATED** this   _28th_   day of August 2014.


                              s/Edward F. Shea
                         _____
                              EDWARD F. SHEA
                      Senior United States District Judge


---

        parties the opportunity to propose a § 343A jury instruction, along with legal argument explaining why such an instruction is appropriate when the claimed dangerous condition was not open and obvious.